UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BERNARD ROBINSON                                                                CIVIL ACTION

VERSUS                                                                                      NO. 07-6181

ZC STERLING INSURANCE AGENCY, SECTION "N"  (3)
ET AL.

## ORDER AND REASONS

Before the Court is **Plaintiff's Motion to Remand (Rec. Doc. 7)**.  After reviewing the Petition, the Notice of Removal, the memoranda of the parties, and the applicable law, the Court denies the motion to remand for the reasons expressed herein.

**I.    Background**

Plaintiff Bernard Robinson originally filed suit in state court on July 25, 2006.  The Petition was released for service on August 1, 2006, purportedly served on the Secretary of State on August 7, 2006, and returned to the Civil Sheriff's Office in Orleans Parish on August 17, 2006. (See Exhibit A to Plaintiff's motion).  Plaintiff attached to this motion a stamped copy of the return from the Secretary of State, the agent of service for Defendants. (Exhibit C to Plaintiff's motion).

Robinson claims that Defendants were aware of the lawsuit, but claimed they had never been served. Even though Plaintiff contested this issue, Plaintiff again requested that Defendants be served.  Defendants were served on August 29, 2007, and removed the case to this Court on

September 27, 2007 on the basis of diversity jurisdiction. (Rec. Doc. 1).

**II.     Law and Analysis**

Plaintiff claims that the removal is untimely as it occurred more than one year after he claims Defendants were properly served through the Secretary of State.  In opposition to this assertion, Defendants have produced a letter dated August 7, 2006 from the Secretary of State's office to Plaintiff's counsel indicating that service of process was rejected by the Secretary of State because more than one defendant cannot be served per one citation.  (Exhibit to Defendants' Sur-Reply). The letter directed Plaintiff's counsel to return a corrected service to the office of the Secretary of State. (Id.) Louisiana Revised Statute 22:985 requires that service be "lawful."  The service on the Secretary of State in 2006 was not proper or lawful and was thus null, void, and without effect.  *See Thomas v. Louisiana Dept. of Public Safety and Corrections*, 2002-0897 (La. App. 1 Cir. 3/28/03), 848 So.2d 635, 639. Thus, Defendants timely removed this action after being properly served with the petition in August of 2007.

Furthermore, as for Plaintiff's arguments regarding Defendants' citizenship and status under 28 U.S.C. §1332, Defendants' Corporate Disclosure Statements adequately and satisfactorily addresses these issues. (See Rec. Docs. 4, 5).  Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion to Remand (Rec. Doc. 7)**. is **DENIED.**

New Orleans, Louisiana, this 20th day of November, 2007.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**